IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FRANCISCO TAFOYA<br>   *Plaintiff*, | §<br>§<br>§ | C.A. NO. _____ |
| vs. | §<br>§ | |
| COOPER/PORTS AMERICA, LLC<br>   *Defendant*. | §<br>§ | [JURY] |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE DISTRICT JUDGE:

Plaintiff, FRANCISCO TAFOYA, complains of Defendant, COOPER/PORTS AMERICA, LLC, and, for cause, would respectfully show as follows:

**I.
JURISDICTION AND VENUE**

1.01   This case falls within the diversity jurisdiction of this Court; the amount in controversy exceeds $75,000.00USD, and Plaintiff and Defendant are diverse in citizenship pursuant to 28 U.S.C. § 1332(a)(2).

1.02   The subject incident in which Plaintiff sustained the injuries and damages complained of herein occurred within this District and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

**II.
PARTIES**

2.01   Plaintiff, FRANCISCO TAFOYA, is a Texas resident.

2.02   Defendant, COOPER/PORTS AMERICA, LLC ["CPA"], is a corporation duly organized, created and existing pursuant to the laws of the State of Alabama, with its principal

1

office located in Mobile, Alabama.  CPA does substantial business in Texas and the Southern District of Texas and, therefore, is subject to this Court's jurisdiction.  CPA may be served with process through its registered agent: David Morgan, 2315 McCarty Dr., Houston, Texas 77029.

## III.
## FACTS

3.01   On or about December 14, 2020, Plaintiff was employed by R. Warehousing in the Safety Department and operating a company vehicle in and about the Port of Houston.  At approximately 4:20 p.m., Plaintiff was driving his vehicle westbound on Lower Level Wharf 32 in the Turning Basin Terminal.  As Plaintiff was traveling westbound, suddenly and unexpectedly, a sport utility vehicle ("SUV") being operated by an employee of Defendant CPA turned directly in front of Plaintiff.  Unable to stop or take evasive maneuvers, Plaintiff struck the front right side of Defendant CPA's SUV.  As a result of the impact, Plaintiff sustained serious injuries to his back, neck, and other parts of his body.

3.02   The incident was subsequently investigated by the Port of Houston Authority Police Department.  Upon information and belief, the driver of the SUV was in the course and scope of her employment with Defendant CPA and was looking down and/or inattentive to her surroundings at the time of the collision.  Upon further information and belief, at all times material hereto, Defendant CPA owned, controlled, operated, leased, and/or maintained the subject SUV.

## IV.
## CAUSE(S) OF ACTION

**A.   Negligent Entrustment: CPA**

4.01   Defendant CPA negligently entrusted the subject SUV, and duties and responsibilities in connection therewith, to the operator.  Defendant CPA knew and/or had reason to know that the operator was incompetent and/or not safe and prudent, which was a proximate

cause of Plaintiff's injuries and damages.

4.02  Each of these acts and omissions, singularly or in combination with others, constituted negligence, which was the proximate cause of this incident, and the injuries and damages sustained by Plaintiff.

### B.  Respondeat Superior/Vicarious Liability

4.03  Defendant CPA is liable under the doctrine of *respondeat* superior in that the operator was driving the SUV in the course and scope of her employment with Defendant. Such operation of the SUV was within the scope of her general authority with Defendant, was in furtherance of the business of Defendant, and was for the accomplishment of the object for which she was hired.

4.04  These acts and/or omissions constitute negligence and/or negligence *per se*, which proximately caused Plaintiff's injuries and damages alleged herein.

### C.  Negligence: CPA

4.05  Upon information and belief, Defendant CPA owned, operated, leased and/or maintained the SUV, which at all times hereto remained under its care, custody and/or control. Plaintiff would show that under the direction and command of Defendant CPA, the operator of the SUV carelessly and/or recklessly operated the vehicle in one or more of the following particulars:

  a.  failing to exercise caution and keep a proper lookout;

  b.  failing to yield right-of-way to Plaintiff's vehicle;

  c.  failing to maintain proper control of the vehicle as a reasonable and prudent person would have done under the same or similar circumstances;

  d.  failing to operate the subject SUV at a safe speed;

  e.  failing to take evasive action in order to avoid the collision;

      f.      in driving the SUV with a willful and wanton disregard for the safety of persons or property in violation of the Texas Transportation Code Section 545.401, V.T.C.A., among other applicable regulations, said actions constituting negligence *per se*; and

      g.      upon information and belief, other acts of negligence, incompetence, and/or omissions which may be proved at trial.

7.06    Plaintiff would further show he was caused to sustain serious injuries because Defendant CPA was negligent in hiring, training, retaining, and/or supervising the operator of the SUV in her employment and/or agency including, but not limited to, one or more of the following particulars:

      a.      failing to protect the safety and health of the public and/or other persons from hazard(s) and/or risk(s) posed to them by operation of the subject tractor, generally;

      b.      failing to promulgate, implement, enforce and identify safety rules and regulations pertaining to conducting safe operation of the SUV;

      c.      failing to hire properly trained employees and contractors for use of equipment, including the subject SUV, to prevent accidents due to inexperienced, inattentive and/or unqualified operation similar to that in connection with the subject incident;

      d.      failing to take appropriate steps to provide proper supervision, training and counseling of employees, contractors and intended users of the SUV in question;

      e.      failing to supply adequate and skilled personnel to operate its vehicles;

      f.      failing to comply with applicable state and federal rules, regulations, policies and procedures; and

      g.      upon information and belief, other acts of negligence, incompetence, and/or omissions which may be proved at trial.

7.07    Additionally, and without limitation, Plaintiff would show Defendants CPA was also negligent and careless in the following respects:

  a. failing to maintain the SUV and/or related component parts in proper working order;

  b. failing to inspect the SUV and/or related component parts to insure each were in proper working order;

  c. failing to warn users, drivers, agents, servants and/or representatives of the dangers associated with the SUV and/or related component parts;

  d. failing to properly train its employees, agents, servants, and/or representatives to maintain and inspect the SUV and/or related component parts;

  e. failing to notice that the SUV and/or related component parts each were not in proper working order; and

  f. failing to repair and/or replace related component parts.

  7.08 Each of the foregoing acts and omissions of negligence and/or negligence *per se* by Defendant CPA singularly or in combination with others, constitute negligence, which was the proximate cause of this incident and injuries and damages sustained by Plaintiff.

## V.
## DAMAGES

  5.01 As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his back, neck, and other parts of his body, causing him to experience physical pain, discomfort, distress, and other medical problems that, in all reasonable probability, will continue indefinitely.

  5.02 These occurrences and injuries occurred as a proximate result of the negligence and/or lack of attention on the part of Defendant CPA, its agents, servants, and/or employees acting in the course and scope of their employment and/or agency.

  5.03 In addition to the expenses incurred by him and incapacity to labor caused by his injuries, Plaintiff has been put to much expense for treatment; such expenses are still continuing and he is unable to state the full amount thereof.  Notwithstanding the foregoing, categorical

damages which Plaintiff seeks to recover from Defendant CPA include compensation for the following:

    a.    physical and mental disability sustained by Plaintiff from the date of injury to the time of trial;

    b.    future physical and mental disability reasonably anticipated to be sustained by Plaintiff in the future;

    c.    physical and mental pain and suffering sustained by Plaintiff from the date of injury to time of trial;

    d.    physical and mental pain and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;

    e.    loss or earnings sustained by Plaintiff from the date of injury to time of trial;

    f.    loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

    g.    reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

    h.    reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

    i.    past and future physical disfigurement; and

    j.    past and future mental and physical impairment.

## VI.
## INTEREST

6.01    Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VII.
## JURY DEMAND

7.01    Plaintiff respectfully demands a jury.

# VIII.
# PRAYER

**WHEREFORE**, Plaintiff prays:

a. That process in due form of law according to the practice of this Honorable Court issue against Defendant Cooper/Ports America, LLC summoning it to appear and answer, all and singular, the matters aforesaid;

b. That a judgment may be entered in favor of Plaintiff against Defendant Cooper/Ports America, LLC for the amount of his claims to be determined;

c. That Plaintiff have pre-judgment and post-judgment interest and all costs of Court;

e. That this Honorable Court grant Plaintiff a Trial by Jury; and

f. That Plaintiff may have such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause.

Respectfully submitted,

GILMAN ✠ ALLISON LLP

*/s/ Brenton J. Allison*
Brenton J. Allison
Texas Bar No. 24040417
Federal I.D. No. 36863
Douglas T. Gilman
Texas Bar No. 24048496
Federal I.D. No. 19897
2005 Cullen Blvd.
Pearland, Texas 77581
Telephone: (713) 224-6622
Facsimile: (866) 543-3643

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**
GILMAN ✠ ALLISON LLP